UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 26-80009-CR-SINGHAL

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

SCOTT MACLAREN,

       Defendant.

_____/

## SCOTT MACLAREN'S MOTION FOR BOOKER VARIANCE AND SENTENCING MEMORANDUM PURSUANT TO 18 U.S.C. 3553(a)

Scott Maclaren, through counsel, hereby files this motion for a downward variance pursuant to *United States v. Booker* and 18 U.S.C. § 3553(a), and as grounds in support thereof states as follows:

### INTRODUCTION

The Final PSI [DE 33] concludes that Mr. Maclaren's sentencing guideline calculations include a total offense level of 26 and a criminal history category of VI for a sentencing guideline range of 120–150 months (PSI ¶ 100). However, paragraphs 42, 43, and 44 of the PSI reference prior convictions. Each one of these convictions added three criminal history points to Mr. Maclaren's criminal history category, resulting in a total of nine points from these three convictions. Although USPO may have correctly calculated Mr. Maclaren's criminal history category, it is the defense's position that his criminal history is vastly overstated, resulting in a

substantially higher guideline range due to the fact that 9 out of the 15 criminal history points that Mr. Maclaren was assessed in his PSI arose out of convictions that are over **15** years old. Based on this the defense believes that Mr. Maclaren's adjusted guideline calculations should reflect a base offense level of 26, a criminal history category of III, for a range of 78-97 months.

Mr. Maclaren respectfully requests that this Honorable Court grant a variance from this adjusted sentencing guideline range pursuant to the "The Need to Avoid Unwanted Sentencing Disparities," and "The History and Characteristics of the Defendant" prongs of 18 U.S.C. § 3553(a).

First, Mr. Maclaren requests that the Court consider the statistics compiled by the United States Sentencing Commission which show that, over the last five years, the average length of incarceration imposed for defendants sentenced pursuant to U.S.S.G. § 2K2.1, with a final offense level of 26 and a criminal history category of III, was 80 months. Next, Mr. Maclaren requests that the Court consider his history and characteristics specifically his age, his difficult childhood which included physical abuse and exposure to addiction at a young age, and the traumatic loss of his late wife in 2024.

For the reasons mentioned above and set forth below, Mr. Maclaren requests that the Court impose a sentence of 65 months, which is sufficient but not greater than necessary to accomplish the goals of the sentencing statutes and which is reasonable in light of the facts and circumstances set forth herein.

2

**THE NEED TO AVOID UNWARRANTED SENTENCING DISPARITIES**

The Sentencing Commission JSIN tool indicates how offenders have been sentenced under the same guideline, criminal history category, and offense level, revealing that from 2021–2025 there were 64 offenders whose primary guideline was 2K2.1, with a final offense level of 26 and a criminal history category of III (range of 78-97 months). *See* https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last reviewed June 11, 2026). After excluding offenders who received a 5K1.1 substantial assistance departure, for the 63 offenders (98%) who received a sentence of imprisonment, the average length of imprisonment, in whole or in part, was 80 months. See table below:



**Average and Median Length of Imprisonment for Defendants in Selected Cell Who Received a Sentence of Imprisonment (excluding §5K1.1)**
Fiscal Year 2021-2025

■ Average Length of Imprisonment     ■ Median Length of Imprisonment

Mr. Maclaren requests that the court consider the above statistics in support of his request for a downward variance. Based on this data, a sentence at the middle or high end of the guideline for Mr. Maclaren would result in an unwarranted sentencing disparity in derogation of 18 U.S.C. § 3553(a)(6). Moreover, it would provide an unjust punishment for Mr. Maclaren that is greater than necessary to achieve the goals of the sentencing statute. He therefore requests that the court remedy the disparity by granting the requested variance.

## HISTORY AND CHARACTERISTICS OF THE DEFENDANT

The "History and Characteristics of the Defendant" prong of 18 U.S.C. § 3553(a), supports a variance from the applicable guideline range. Mr. Maclaren is a forty-one-year-old man who unfortunately experienced physical abuse and was exposed to substance abuse throughout his childhood. Mr. Maclaren also experienced the sudden and traumatic loss of his wife in 2024, which sadly caused Mr. Maclaren to regress from the progress he had made over the prior nine years, and led to him self-medicating with controlled substances.

Mr. Maclaren takes full responsibility for his conduct in the instant offense and does not submit the following arguments as excuses for his conduct but rather to provide context for the actions taken in this case. First, as noted in paragraph 67 of the PSI, Mr. Maclaren grew up in a home where he was regularly exposed to alcoholism and physical abuse at the hands of his father. Mr. Maclaren experienced a regular routine of watching his father consume a daily case of beer until he became inebriated, which caused him to become violent and physically abusive toward Mr. Maclaren. This repeated trauma and abuse caused Mr. Maclaren to abuse alcohol and controlled substances starting at age 13. The PSI goes on to state that he began to abuse heroin daily at the age of just 14. This substance abuse continued into Mr. Maclaren's adulthood until he met his wife, Heather.

Mr. Maclaren met his wife Heather while at a halfway house in 2016. At the time Mr. Maclaren was recently released from prison, unemployed, and abusing controlled substances. Heather became the catalyst, Mr. Maclaren needed to turn his

4

life around. Shortly after meeting, the couple married in 2017 and moved in together. Thereafter, Mr. Maclaren began actively participating in drug treatment and once clean was able to secure stable employment as a handyman. For the next eight years Mr. Maclaren did not have any new arrests or convictions aside from some minor traffic infractions, which is the longest period of time that Mr. Maclaren has gone without a criminal conviction in his adult life. Heather gave Mr. Maclaren purpose, and more importantly, a reason to stay sober and employed. Unfortunately, Heather was diagnosed with a chronic kidney disease as a child that led to her contracting a blood infection which severely damaged her heart. This blood infection resulted in her having to go on dialysis and left her heart only able to function at 50%. Mr. Maclaren spent years working multiple jobs to afford Heather's growing medical bills, and hospital treatments, in addition to regularly taking her to doctor's appointments, treatment centers, and pharmacies. Sadly, Heather passed away in December 2024 due to a heart attack. Mr. Maclaren understandably took her passing very hard. Her death caused him to relapse back into substance abuse, withdraw from his family and friends, stop working, and lose all motivation to continue the progress he was making in his life. Put simply, her passing caused Mr. Maclaren to give up on life and himself.

Mr. Maclaren understands that whatever sentence this Court chooses to impose will include a period of incarceration. Mr. Maclaren further acknowledges that this is because of the choices he made in this case. However, it is important to consider that he made those choices during one of the lowest points in his life after losing one of the most important people in his life. Although Heather's passing still

causes Mr. Maclaren a great deal of pain, he is no longer resided to giving up on himself or the strides he has made towards living a more positive, productive, and sober life. Mr. Maclaren is committed to using his life to honor Heather's memory, the life they built together, and the life that she would want him to live.

Finally, it is the defense position that Mr. Maclaren's criminal history category as calculated in the PSI is vastly overstated. Paragraphs 42, 43, and 44, of the PSI refer to three separate criminal convictions from 2006, 2008, and 2009 respectively. Each of these convictions added three additional criminal history points to Mr. Maclaren's criminal history category. The federal sentencing guidelines state that for a felony conviction that resulted in a prison sentence exceeding one year and one month will count towards a defendant's criminal history category if the defendant was released within 15 years of the instance offense and a prior a felony conviction that results in a sentence that is less than one year and one month in prison will count towards a defendant's criminal history category if released within 10 years of the instant offense. U.S.S.G. §4A1.1(e) Here, each of the convictions in paragraphs 42, 43, and 44 resulted in sentences that would have released Mr. Maclaren outside of the 15-year window for his 2006 and 2008 convictions where he was sentenced to prison and outside the 10-year window for his 2009 conviction where he was originally sentenced to just probation. However, in each of these cases Mr. Maclaren's probation term was revoked and reinstated which resulted in a much later 'release date' which allowed the convictions to count toward his criminal history category. Because of this, Mr. Maclaren's criminal history category does not adequately account for over eight

6

years that Mr. Maclaren spent without a criminal conviction while living with his wife.

**CONCLUSION**

Based on the arguments set forth above a downward variance is warranted in this case based on the "Need to Avoid Unwarranted Sentencing Disparities," and the "History and Characteristic of the Defendant"; therefore, Mr. Maclaren requests that the court impose a sentence of 65 months, which is sufficient but not greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) and is reasonable in light of the foregoing.

WHEREFORE, the Defendant, Scott Maclaren, hereby requests that the Court grant his request for a variance.

Respectfully submitted,

HECTOR A. DOPICO
FEDERAL PUBLIC DEFENDER

By: /s/ *Wesley Wallace*
Wesley D. Wallace
Assistant Federal Public Defender
Florida Bar No. 1025775
One East Broward Boulevard, Suite 1100
Fort Lauderdale, Florida 33301
Tel: 954-356-7436
E-Mail: Wesley_Wallace@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY certify that on June 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing electronically.

/s/ *Wesley Wallace, AFPD*
Attorney for Defendant

8